UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD ROMINE,<br><br>Plaintiff,<br><br>v.<br><br>GEOFF DUPPMAN, DENNIS MADDEN, KURT SCALES, DARREN WHITE, MIKE TALBOTT, TRAVIS JARVIS, and DEPUTY CHRIS STELZ,<br><br>Defendants. | No. 2:16-cv-2012-TLN-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

This case is before the court on defendant Chris Stelz's motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (ECF No. 5) and defendants Geoff Duppman, Dennis Madden, and Kurt Scales motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6).[1] ECF Nos. 13, 19. Plaintiff has filed oppositions to the motions (ECF Nos. 6,

---

[1] Defendant Stelz's motion was before the court for hearing on October 19, 2016. Attorney Sean O'Dowd appeared on behalf of defendant Stelz; plaintiff appeared pro se. After the hearing, defendants Geoff Duppman, Kurt Scales, and Dennis Madden moved to dismiss the complaint. ECF Nos. 13, 19. Because the court determined that oral argument would not materially assist in resolution of defendants Duppman, Scales, and Madden's motions, they were ordered submitted on the briefs. *See* E.D. Cal. L.R. 230(g).

1

14, 20), as well as a first amended complaint, which the court construes as a motion to amend the complaint pursuant to Rule 15.[2]

As explained below, the court lacks subject matter jurisdiction and the case must be dismissed without leave to amend.[3]

I.  Factual Allegations

Liberally construed, the complaint alleges that during 2014 plaintiff took his automobile to Big O Tires on multiple occasions for repairs. ECF No. 1 at 4-5, 23-28. Plaintiff claims, however, that defendant Madden and Duppman, both managers at Big O Tires, charged plaintiff for repairs that were either unnecessary or were not properly completed. *Id*. In December 2014, plaintiff's dissatisfaction with the services he received culminated in an altercation with several of the defendants who are employed by Big O Tires. *See id*. at 4-6, 11. During the altercation, defendant Geoff Duppman placed his phone on a counter and began recording the parties' interaction. *Id*. at 5. Plaintiff then picked up the phone and left the store. *Id*. A physical altercation ensued outside, during which defendant Duppman bent "plaintiff backwards over the windshield frame and driver door and antenna housing while the plaintiff's arms were bound." *Id*. 5-6. At some point defendant Scales grabbed Duppman's phone from plaintiff "and strangle[d] the plaintiff's vocal cords . . . ." *Id*. at 11.

Law enforcement was contacted and defendant Chris Stelz, a deputy with the El Dorado County Sheriff's Department, responded to the scene. Plaintiff alleges that Stelz threatened to arrest him and interfered with plaintiff's ability to gather information that he intended to provide to the Bureau of Automotive Repair. *Id*. at 15.

Based on these allegations, plaintiff purports to allege a variety of federal and state law claims against Deputy Stelz, Duppman, Madden, and Scales, as well as three other employees of

---

[2] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[3] Plaintiff has also filed a motion for an extension of time to serve the two remaining defendants, Darren White and Mike Talbott (ECF No. 17), as well as a motion to consolidate this case with a previously dismissed case (ECF No. 28). As this case must be dismissed for lack of jurisdiction, plaintiff's motions are denied as moot.

2

Big O Tires that have yet to appear in this case. Plaintiff claims that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

II. <u>Defendants' Motions to Dismiss</u>

    A. <u>Legal Standards</u>

        1. <u>Rule 12(b)(1)</u>

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. Id., 511 U.S. at 376–78. The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). "When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. For a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (citing *Stock West, Inc. v. Confederation Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)).

        2. <u>Rule 12(b)(6)</u>

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). The Ninth Circuit has held that the less stringent standard for pro se parties is now higher in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279,

1282 (9th Cir. 1986).

B. <u>Discussion</u>

Plaintiff contends that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The complaint purports to assert several federal claims, including claims under the Racketeer Influence and Corrupt Organization Act ("RICO"); 42 U.S.C. §§ 1981, 1983, 1985(c); and 17 U.S.C. § 201(b). However, as explained below, this court lacks subject matter jurisdiction as plaintiff fails to sufficiently allege a federal claim.[4]

1. <u>RICO</u>

To state a cognizable civil RICO claim, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (referred to as "predicate acts") (5) causing injury to the plaintiff's business or property. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010); *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). The alleged enterprise must exist "separate and apart from that inherent in the perpetration of the alleged [activity]." *Chang v. Chen*, 80 F.3d 1293, 1300–01 (9th Cir.1996). A "pattern of racketeering activity" means at least two criminal acts enumerated by statute. 18 U.S.C. § 1961(1), (5) (including, among many others, mail fraud, wire fraud, and financial institution fraud). Those so-called "predicate acts" under RICO, if based on a theory of fraudulent conduct, must be alleged with specificity in compliance with Rule 9(b). *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 2004); *see also Lancaster Community Hospital v. Antelope Valley Hospital Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (holding with respect to the predicate act of mail fraud that a plaintiff must allege with "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir.1988); *Pineda v. Saxon Mortgage Services*, 2008 WL

---

[4] Although only defendants Duppman, Madden, and Scales have moved to dismiss this case for lack of jurisdiction, given the clear lack of any viable federal claim, the court finds that dismissal of the action in its entirety is appropriate. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) ("Federal courts are always under an independent obligation to examine their own jurisdiction . . . and a federal court may not entertain an action over which it has no jurisdiction.").

5187813, at *4 (C.D. Cal. Dec. 10, 2008) ("It is not enough for [plaintiff] to rely on mere labels and conclusions" to establish a RICO claim but rather, plaintiff must give each defendant notice of the particular predicate act it participated in and must allege each predicate act with specificity).

In support of his RICO claim, plaintiff alleges that defendants committed wire fraud in violation of 18 U.S.C. § 1343. To demonstrate a wire fraud violate, plaintiff must allege "(1) the formation of a scheme or artifice to defraud (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Screiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393 (9th Cir. 1986). Plaintiff alleges that defendants engaged in wire fraud by using "networks to facilitate the customer/franchisor interstate commerce contract." ECF No. 1 at 9. He further alleges that defendants "used an interstate franchise operating network to present facsimile of wrongful charge for wrongful inspection procedures and diagnosis . . . ., with the use of interstate franchise wires." *Id*. at 4. These vague and conclusory allegations fail to provide the specificity required by Rule 9(b) to allege a wire fraud violation.[5]

The complaint also references 18 U.S.C. §§ 373 (solicitation to commit a crime of violence); 894 (collection of extensions of credit by extortionate means); 1951 (interference with commerce by threats or violence); 1959 (violent crimes in aid of racketeering activity), but does not allege facts that could support violations of these statutes.[6] Plaintiff's passing references to these statutes is not sufficient to confer this court with subject matter jurisdiction. *See Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action.").

/////

/////

---

[5] Under Rule 9(b), the circumstances that must be plead with particularity include the "time place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Schreiber Distributing Co.*, 806 F.2d. at 1401.

[6] Plaintiff also appears to allege that defendants violated 18 U.S.C. § 1346. That section, however, merely provides the definition of "scheme or artifice to defraud." *Id*.

6

As plaintiff fails to allege a pattern of racketeering activity, he fails to state a civil RICO claim.

### 2. 42 U.S.C. § 1981

The complaint also references 42 U.S.C. § 1981. That section "protects the equal right of all persons within the jurisdiction of the United States to make and enforce contracts without respect tor ace." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (internal quotations omitted). Section 1981 "creates a cause of action only for those discriminated against on account of their race or ethnicity." *Johnson v. Riverside Healthcare System*, LP, 534 F.3d 1116, 1123 (9th Cir. 2008); *see White v. Wash. Pub. Power Supply Sys.*, 692 F.2d 1286, 1290 (9th Cir. 1982) (holding that it is "well settled that section 1981 only redresses discrimination based on plaintiff's race"); *Longariello v. Phoenix Union High School Dist.*, 2009 WL 4827014, at *5 (D. Ariz. Dec.15, 2009) (granting motion to dismiss Section 1981 claim because complaint did not allege that the plaintiff was a member of a racial minority).

The complaint does not contain any allegations suggesting racial discrimination. Accordingly, this section has no application to the allegations in the complaint.

### 3. 42 U.S.C. § 1983

Plaintiff also claims that defendants violated his rights under the First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. ECF No. 1 at 6-8, 15-17.

To state a claim for violation of a constitutional right under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "'Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)); *see also Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir. 2003) (Fourteenth Amendment "shields citizens from unlawful governmental action, but does not affect conduct by private entities."). However, a private party may be considered to have acted under color of state law when the party

"is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). To establish joint action between state actors and a private party, a plaintiff must establish "an agreement or 'meeting of the minds' to violate constitutional rights." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). Mere acquiescence to the wrongful conduct is insufficient. *Id*. Rather, the plaintiff must demonstrate that each participant "share[d] the general conspiratorial objective." *Id*.

Aside from Deputy Stelz, plaintiff does not allege that any of the defendants are state actors. Further, plaintiff does not allege facts demonstrating that there was a conspiracy between Stelz (or any other state actor) and the other defendants to violate plaintiff's constitutional rights. Accordingly, plaintiff fails to state a claim under section 1983 against defendants Duppman, Madden, Scales, White, Talbott, and Jarvis.

As for defendant Stelz, plaintiff contends that Stelz violated his rights under the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. ECF No. 1 at 15-17. Although plaintiff sufficiently alleges that defendant Stelz was acting under color of state law, as detailed below, he fails to allege sufficient facts to support a constitutional violation.

### a. First Amendment

Plaintiff first claims that defendant Stelz violated his First Amendment right to freedom of speech. As is the case with all of his claims, the allegations supporting this claim are sparse. Plaintiff alleges that Stelz "has helped regulate the protected activity of the plaintiff by threatening the plaintiff with arrest for trespass when he still has copyright entitlements to enforce and information to gather to provide to the Bureau of Automotive Repair." ECF No. 1 at 15.

"The law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006). To state a claim for retaliation under the First Amendment, "a plaintiff must provide evidence showing that by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916 (9th Cir. 2012).

Here, it is not clear from the complaint what speech Stelz suppressed or deterred. Plaintiff's complaint rambles on about having a copyright/intellectual property interest in "footage." *See, e.g.*, ECF No. 1 at 15-16. Plaintiff does not, however, identify any specific speech that Stelz suppressed. Nor does plaintiff allege that Stelz's actions deterred or chilled plaintiff's speech, or that such deterrence was a substantial or motivating factor in Stelz's conduct. *See Lacey*, 693 F.3d at 916.

Accordingly, plaintiff has failed to state a First Amendment claim.

### b. Fifth Amendment

Plaintiff also alleges that defendant Stelz violated the Fifth Amendment by "threatened to justify the battery of private parties and conceal identities of others, to deprive the plaintiff the right to own exclusively his claimed intellectual footage property." ECF No. 1 at 15-16. In his opposition to Stelz's motion, plaintiff explains that he is alleging a violation of his "substantive due process rights to exclude others from private property." ECF No. 6-1 at 8.

Plaintiff cannot maintain his substantive due process claim under the Fifth Amendment because he does not allege that Stelz is a federal actor. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (To state a claim for violation of plaintiff's due process rights under the Fifth Amendment, a plaintiff must allege that the defendants are federal actors). Even assuming plaintiff intended to assert a Fourteenth Amendment due process claim, the claim nonetheless fails.

A "court must . . . be mindful that viable substantive due process claims must be more than 'tort actions dressed up in constitutional garb,' *Morgan v. Bend-La Pine School Dist.*, 2009 WL 312423, *12 (D. Or. Feb. 6, 2009), quoting, *Larson v. Neimi*, 9 F.3d 1397, 1399 (9th Cir. 1993), and that such claims represent only a "slim category of cases in which the police have been brutal, employing physical or psychological coercion against the defendant," *United States v. Bogart*, 783 F.2d 1428, 1435 (9th Cir. 1986) (citation omitted), *vacated in part on other ground by United States v. Wingender*, 790 F.2d 802 (9th Cir. 1986). As the Ninth Circuit explained in *Fontana v. Haskin*, 262 F.3d 871 (9th Cir. 2001), "[t]he threshold question is 'whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to

shock the contemporary conscience,'" *id*. at 882, n. 7 (quoting County of *Sacramento v. Lewis*, 523 U.S. 833, 848, n. 8 (1998)).

Plaintiff merely alleges that Stelz threated "to justify battery" of other parties and "concealed identities of others." ECF No. 1 at 15-16. This conduct does not constitute the type of outrageous and egregious conduct that falls into slim category of cases giving rise to a substantive due process claim. Accordingly, plaintiff has failed to allege a violation of his substantive due process rights.

### c. Eighth Amendment

Plaintiff next alleges that Stelz violated his Eighth Amendment rights by creating "a release dismissal agreement with the plaintiff, attempting to justify violent crime of three for petty infractions of one. The defendant should know as a reasonable person does that such a scheme is excessive bail and cruel and unusual for a legitimate intellectual property owner." ECF No. 1 at 16. In his opposition to Stelz's motion, plaintiff explains that his Eighth Amendment claim is predicated on his contention that he was subjected to excessive bail. ECF No. 6-1 at 9. Plaintiff states that "the threat of imprisonment that this defendant conspires to execute wrongfully with specific store manager/operator tire defendants, and unlawful debt collection processes and coupon-like inducement allegations, the threat is a form of instant bail collection because the office is actually attempting to extort a fee or fine for information as to two other assailants . . . ." ECF No. 6-1 at 9.

To hold law enforcement officers liable for excessive bail, in addition to establishing that bail was excessive, plaintiff must also demonstrate that the officer was the proximate cause of his bail enhancement. *See Galen v. County of Los Angeles*, 477 F.3d 652, 663 (9th Cir. 2007). There are no allegations that plaintiff was subject to any bail, much less allegations that Stelz was the proximate cause of a bail increase. Indeed, plaintiff does not even allege that he was arrested. Accordingly, plaintiff's Eighth Amendment claim fails.

### d. Thirteenth Amendment

Plaintiff also claims that Stelz violated his rights secured by the Thirteenth Amendment by "negligence and willful disregard to discharge duties lawfully and in accordance with penal code,

has attempted and but succeeded for this private litigious spirit. . . . In conjunction with the disregard for the plaintiff's fifth amendment rights, the defendant has enforced involuntary servitude of the plaintiff to another man, yet defendant." ECF No. 1 at 16.

Neither the Supreme Court nor the Ninth Circuit have decided whether a private right of action exists under the Thirteenth Amendment. *See Jane Doe I v. Reddy*, 2013 WL 23893010, at * 10 (N.D. Cal. Aug. 2003) ("[N]o decision has ever actually upheld a private right of action under the Thirteenth Amendment."). However, even assuming plaintiff may assert such a cause of action, plaintiff has not sufficiently alleged that he was subjected to involuntary servitude in violation of the Thirteenth Amendment. For purposes of the Thirteenth Amendment,[7] involuntary servitude exists where "the victim had no available choice but to work or be subject to legal sanctions." *United States v. Kozminski*, 487 U.S. 1988, 943 (1988).

Aside from plaintiff's conclusory statement that Stelz "has enforced involuntary servitude of the plaintiff to another man," there are no allegations demonstrating that plaintiff was subjected to involuntary servitude. *See* ECF No. 1 at 16. Accordingly, plaintiff also fails to state a claim for violation of the Thirteenth Amendment.

e. Fourteenth Amendment

Plaintiff also claims that his Fourteenth Amendment rights were violated by Stelz threatening "to arrest only the plaintiff if the plaintiff chose not to arrest a singular defendant—not plural. This is the only way [Stelz] was willing to take Geoff under arrest: If [plaintiff] accompanied him to console him to jail." ECF No. 1 at 16.

To the extent plaintiff is asserting a procedural due process claim, he has not alleged the deprivation of a property or liberty interest. *See Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003) (to state a procedural due process claim, a plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate

/////

---

[7] The Thirteenth Amendment provides as that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

procedural protections.") Accordingly, plaintiff fails to state a procedural due process claim under the Fourteenth Amendment.

Accordingly, plaintiff has failed to allege a claim under 42 U.S.C. § 1983 against any of the defendants.

### 4. 42 U.S.C. § 1985(3)

Plaintiff also purports to assert a claim under 42 U.S.C. § 1985(3). Section 1985(3) creates a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3). The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998)). The first element requires that there be some racial or otherwise class-based "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985). Moreover, a plaintiff cannot state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983. *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), *cert. denied*, 493 U.S. 817 (1989).

Here, plaintiff has not adequately alleged any deprivation of his constitutional rights, nor has he alleged that there was any agreement or "meeting of the minds" by the defendants to deprive plaintiff of his constitutional rights. He also has not alleged any facts demonstrating that there was any invidiously discriminatory, racial or class-based animus on the part of defendants.

Thus, plaintiff fails to state a claim under section 1985(3).

### 5. 42 U.S.C. § 1988

The complaint also references 42 U.S.C. § 1988. That section, however, does not create a private right of action. Rather, section 1988 is a provision allowing for the award of reasonable

attorney's and expert fees to the prevailing party in suits brought under certain causes of action created by other statutes; it does not itself create substantive rights, but merely defines procedures. *Schroder v. Volcker*, 864 F.2d 97, 99 (1988); 42 U.S.C. § 1988(b), (c).

      6.     17 U.S.C. § 201(b)

Plaintiff also purports to assert a claim under 17 U.S.C. § 201(b).[8] That section pertains to ownership of a copyright and specifically addresses which party owns the copy rights to works made for hire. It provides that if a piece of work is made for hire, "the employer or other person for whom the work was prepared is considered the author . . ., unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 17 U.S.C. § 201(b).

It is unclear how the allegations in the complaint relate to section 201(b). Plaintiff appears to suggest that he has a copyright interest in the recording of the dispute defendant Duppman made on his phone, but even this assumption is uncertain. In any event, the complaint does not provide any allegation that plaintiff or any other party was hired to author a piece of work that would be entitled to copyright protection. Accordingly, plaintiff's reference to 17 U.S.C. § 201(b) fails to give rise to a federal claim.

In sum, plaintiff's complaint makes references to numerous federal statutes, but fails to contain any allegations that would give rise federal claim. Accordingly, plaintiff has failed to establish that this court has federal question jurisdiction over this case.[9] The matter must therefore be dismissed for lack of subject matter jurisdiction.

III.    Plaintiff's Motion to Amend

On January 9, 2017, plaintiff filed a first amended complaint. The complaint was not filed in compliance with Federal Rule of Civil Procedure 15(a). A plaintiff may amend the

---

[8] Plaintiff's complaint references 17 U.S.C. § 206. However, Title 17 of the United States Code does not contain a section 206. At the October 19 hearing, plaintiff clarified that he intended to assert a claim under 17 U.S.C. § 201(b).

[9] The complaint indicates that all parties are residence of California. ECF No. 1 at 1, 3. Thus, diversity jurisdiction is also lacking. *See* 28 U.S.C. § 1332.

complaint once as a matter of course within 21 days of the service of a defendant's answer or Rule 12(b) motion.[10] Here, defendant Stelz filed his 12(b) motion on September 21, 2016. ECF No. 5. Plaintiff's filing on January 9, 2017, was well beyond the 21 days permitted to file an amended complaint without either a stipulation or leave of the court. Nonetheless, in the interest of judicial economy, the court construes this filing as a motion for leave to amend the complaint pursuant to Rule 15(a).

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Plaintiff's amended complaint contains the same deficiencies that plagued his original complaint. It is littered with vague and conclusory allegations that fail to state a federal claim for relief, and permitting plaintiff to proceed on the amended complaint would be futile. Accordingly, the motion to amend must be denied.

/////

/////

---

[10] Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."

14

IV. Leave to Amend

The court further finds that there is no basis for granting leave to amend. While a court should ordinarily permit a pro se plaintiff to amend, leave to amend should not be granted where it appears that amendment would be futile. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). The instant case is not plaintiff's first attempt to allege federal claims against parties involved in the December 2014 dispute. Plaintiff previously filed a case in this court in which he attempted to assert federal claims against Big O Tires, Geoff Duppman, Dennis Madden, and Mike Talbot in regard to the same dispute at issue in this case. *See Romine v. Big O Tires Corporate Headquarters*, 2:15-cv-0401-GEB-KJN, ECF No. 1. Plaintiff's prior case was dismissed without leave to amend for lack of subject matter jurisdiction. *Id*. at ECF Nos. 40, 44. Given that plaintiff has had multiple attempts to allege this court's jurisdiction, but has failed to do so, the court finds that granting further leave would be futile. Accordingly, it is recommended that plaintiff's complaint be dismissed without leave to amend.

V. Conclusion

Accordingly, it is hereby ORDERED that plaintiff's motion for an extension of time to serve defendants White and Talbott is denied as moot.

Further, it is RECOMMENDED that:

1. Defendants Stelz, Duppman, Madden, and Scales motions to dismiss (ECF Nos. 5, 13, 19) be granted;

2. The complaint be dismissed without leave to amend for lack of jurisdiction;

3. Plaintiff's motion to amend (ECF No. 23) be denied; and

4. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 4, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE